# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2021

Lyle W. Cayce
Clerk

No. 19-30575

Nancy Smith,

*Plaintiff—Appellee*,

*versus*

Kyle France, *in his official capacity as chief executive of the Board of Commissioners of the Louisiana Stadium and Exposition District*; SMG,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-7267

Before Jones, Elrod, and Higginson, *Circuit Judges*.

Per Curiam:*

Nancy Smith sued Kyle France, chief executive of the Louisiana public entity that owns the Mercedes Benz Superdome in New Orleans, and SMG, the company that operates the Superdome, for violations of the Americans with Disabilities Act and the Louisiana Human Rights Act.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-30575

France and SMG appeal from the award of injunctive relief and damages to Smith. Because Smith has standing to pursue her claims, and because the district court did not err in awarding both injunctive relief and money damages against SMG, we AFFIRM. However, we VACATE the injunction against France.

## I.

When Nancy Smith and her daughter learned that Guns N' Roses would perform at the Mercedes Benz Superdome in New Orleans as part of their "Not in this Lifetime . . ." tour, they decided they had to go.[1] Smith was a Guns N' Roses fan, and she had attended events at the Superdome between ten and fifteen times in the past.

Smith and her daughter bought tickets from what they thought was the Superdome's box office. In fact, they had bought the tickets from Box Office Ticket Center LLC, an unauthorized third-party vendor. Smith and her daughter also thought they had bought tickets for wheelchair-accessible seats to accommodate Smith's left-leg amputation. They had not.

The Louisiana Stadium and Exposition District, a state governmental entity, owns the Superdome. Kyle France is the chief executive of the Board

---

[1] The name of the tour comes from lead singer Axel Rose's 2012 response to the question whether he was planning a reunion tour with all of Guns N' Roses. "Rose simply said, 'Not in this lifetime,' before getting into the passenger sear [of his car], closing the door and being driven away." Dave Lifton, *Why are Guns N' Roses Calling it the 'Not in this Lifetime . . .' Tour?*, Ultimate Classic Rock, (April 2, 2016), https://ultimateclassicrock.com/guns-n-roses-not-in-this-lifetime-tour/; *see also* Daniel Kreps, *Guns N' Roses Confirm North American Tour*, Rolling Stone (Mar. 25, 2016, 5:33 PM), https://www.rollingstone.com/music/music-news/guns-n-roses-confirm-north-american-tour-182833/.

No. 19-30575

of Commissioners of that government entity.  SMG, a general partnership, operates and manages the Superdome by contract.

When Smith and her daughter arrived at the Superdome for the Guns N' Roses concert, an SMG employees showed them to their seats.  Smith's seat was not wheelchair accessible.  Rather, her seat was an ordinary folding chair, surrounded on all sides by ordinary folding chairs.

Smith asked the SMG employee to remove the folding chair in her space to make room for her wheelchair.  The SMG employee refused.  Instead, the SMG employee offered to move Smith to the aisle seat, to take Smith's wheelchair after she had taken her seat, and to return it at the end of the concert.  The SMG employee did not mention to Smith the option of transferring to a wheelchair accessible seat.

Thinking she had no other option, Smith accepted the SMG employee's offer, gave her wheelchair to the SMG employee, and stayed in the folding-chair seat with her backup crutches.  Without her wheelchair, Smith felt anxious and vulnerable.  She remained seated in the folding chair throughout the concert, so she could not see the band through the concertgoers standing around her.

Smith sued SMG and the Louisiana Stadium and Exposition District and its Chief Executive Kyle France, seeking damages and injunctive relief under Titles II and III of the Americans with Disabilities Act and the Louisiana Human Rights Act.[2]  The parties filed cross motions for summary judgment on all claims.

---

[2] Smith's initial claims were against SMG, the Louisiana Stadium and Exhibition District Board of Commissioners, Kyle France in his official capacity as the Chief Executive of the Louisiana Stadium and Exhibition District Board of Commissioners, Live Nation Marketing, Inc., Live Nation Mtours (USA), Inc., Live Nation Worldwide, Inc., and Box

No. 19-30575

The district court determined that Smith had standing to sue on her claims. It also held that the Louisiana Stadium and Exposition District was protected by sovereign immunity from all of Smith's claims and that France was protected by sovereign immunity from Smith's claims for damages. The district court granted partial summary judgment as to those claims and denied summary judgment in all other respects.

This appeal concerns the three claims that remained at the time of trial: (i) a claim against France as a public officer for injunctive relief under Title II of the ADA; (ii) a claim against SMG for injunctive relief under Title III of the ADA; and (iii) a claim against SMG for damages under the Louisiana Human Rights Act. *See* 42 U.S.C. §§ 12133, 12188; La. Stat. Ann. § 51:2231 *et seq.*

The district court conducted a bench trial. After the conclusion of the trial, the district court entered judgment in favor of Smith on all remaining claims. The district court awarded Smith $20,000 in compensatory damages from SMG and entered injunctions against both France and SMG under Titles II and III of the ADA respectively. In short, the injunctions required France and SMG to update employee policies and procedures, provide annual trainings and quality controls, and publish accessibility information publicly. SMG and France filed a timely notice of appeal.

---

Office Ticket Center, LLC. However, through an amended complaint and two motions, Smith voluntarily dismissed Live Nation Marketing, Inc., Live Nation Mtours (USA), Inc., Live Nation Worldwide Inc., and Box Office Ticket Center, LLC. Smith also dismissed her claims under the Rehabilitation Act and her claims for damages under the Louisiana Human Rights Act against the Louisiana Stadium and Exhibition District and France.

## II.

On appeal, SMG and France challenge the district court's judgment in favor of Smith following the bench trial.  Specifically, SMG and France argue that:

(1) the district court erred in granting Smith injunctive relief because she failed to establish the required standing;

(2) in the alternative, to the extent that Smith did establish standing and was entitled to seek such relief, the relief ordered was an abuse of the district court's discretion; and

(3) the district court erred in holding that Smith proved a violation of, and was entitled to money damages under, the Louisiana Human Rights Act; or

(4) in the alternative, if Smith were entitled to damages, the district court's award was excessive.

"The standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed *de novo*." *Water Craft Mgmt. LLC v. Mercury Marine*, 457 F.3d 484, 488 (5th Cir. 2006) (quoting *In re Mid-South Towing Co.*, 418 F.3d 526, 531 (5th Cir. 2005)). "Reversal for clear error is warranted only if the court has 'a definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000)).

We review permanent injunctions for abuse of discretion. *Ball v. LeBlanc*, 792 F.3d 584, 598 (5th Cir. 2015). "An abuse of discretion occurs when the district court '(1) relies on clearly erroneous factual findings when deciding to grant or deny the permanent injunctions[,] (2) relies on erroneous conclusions of law when deciding to grant or deny the permanent injunction, or (3) misapplies the factual or legal conclusions when fashioning its

injunctive relief.'" *Id.* (alteration in original) (quoting *Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, 775 F.3d 242, 254 (5th Cir. 2014)).

### A.

We agree with the district court that Smith had standing to pursue her claims for injunctive relief under the ADA.   The case-or-controversy requirement of Article III restricts federal jurisdiction to cases in which the plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)); *see also Sierra Club v. U.S. Env't Prot. Agency*, 939 F.3d 649, 664 (5th Cir. 2019).

To satisfy the redressability requirement in the context of claims for injunctive relief, it is not enough that the plaintiff has been wronged in the past—there must be a "real or immediate threat that the plaintiff will be wronged again." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Nevertheless, "a disabled individual" seeking an injunction under the ADA, "need not engage in futile gestures before seeking an injunction; the individual must show only that [the alleged violation] actually affects his activities in some way."  *Frame v. City of Arlington*, 657 F.3d 215, 236 (5th Cir. 2011).

Smith testified that, if the ADA issues were resolved, she would return to the Superdome when it hosts another event that interests her.  *Cf. Sierra Club*, 939 F.3d at 664.  Based on her history with the Superdome, Smith's plans to return are far more than "some day intentions."  *See Lujan*, 405 U.S. at 564.  Smith has visited the Superdome ten to fifteen times in her life.  By contrast, in *Deutsch v. Travis County Shoe Hospital, Inc.*, "the most interaction [the plaintiff] ever had with the defendant was to look at the business's parking lot from his car."  721 F. App'x 336, 340 (2018).  As a

lifelong patron of the Superdome, Smith has shown far more engagement with the defendant than plaintiffs who lack standing.

Moreover, Smith has already made plans to attend an event at another SMG-operated property, the Smoothie King Center in New Orleans. Smith, however, cancelled those plans out of fear that what occurred at the Guns N' Roses concert would happen again. A similar future injury at the Superdome is far from speculative given Smith's history and her firm intent to return. This is enough to establish standing. *See Friends of the Earth, Inc. v. Laidlow Env't Servs. (TOC), Inc.*, 528 U.S. 167, 182-83 (2000) (determining that members' firm intentions to use a portion of a river, should illegal dumping cease, "adequately document injury in fact").

### B.

SMG and France maintain that even if Smith does have standing to seek injunctive relief, the district court abused its discretion as to the appropriateness and, or, scope of the relief it granted. Specifically, they argue that the district court's order: (1) is unnecessary under the circumstances and unsupported by the record; (2) does not identify specific actions France should take, or refrain from taking, to maintain compliance with the order; and (3) fails to specify actions by France that violated the ADA.

SMG and France are simply incorrect to say that the injunction is "unnecessary and unsupported by the record." SMG does not currently implement the measures required by the injunction, and the district court did not "misappl[y] [its] factual . . . conclusions when fashioning its injunctive relief." *Ball*, 792 F.3d at 598 (quoting *Symetra Life Ins. Co.*, 775 F.3d at 254). The district court did not abuse its discretion by granting an injunction against SMG.

We agree with France, however, that the injunction against him is not sufficiently specific for France to "know what the court intends to require

and what it means to forbid." *See Int'l Longshoremen's Ass'n v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76 (1967). The district court's order mandated that SMG and France must, among other things: (1) revise SMG's Team Member Playbook to include language for a Ticket Exchange Policy; (2) revise SMG's Team Member Playbook to include language for a Wheelchair Storage Policy, (3) add the Ticket Exchange and Wheelchair Storage policies to the SMG training PowerPoint slides; and (4) ensure all new SMG ushers, existing staffers, and new hires participate in an annual group training to better understand how to implement the new policies. Each of these actions pertains to conduct directly within the control of SMG—it is plain what SMG must do to comply. The injunction does not make clear, however, how France can comply with an order against SMG. The district court abused its discretion by not identifying "what the court intends to require and what it means to forbid" as to France. *Id.* The injunction as it applies to France must be vacated.

Because we vacate the injunction against France on this ground, we need not address France's argument that Smith failed to show that France himself violated the ADA.

## C.

SMG maintains that the district court erred in concluding that Smith proved a violation of the Louisiana Human Rights Act. SMG asserts that the Louisiana Human Rights Act requires a plaintiff to prove intentional discrimination to establish a violation and that Smith failed to do so. We disagree with SMG's reading of the Act.

The Louisiana Supreme Court has not conclusively determined the state of mind required to establish discrimination by a place of public accommodation under the Louisiana Human Rights Act, and so we must

make an "*Erie* guess."  *See* La. Stat. Ann. § 51:2247; *Conn Credit I, L.P. v. TF LoanCo III, L.L.C.*, 903 F.3d 493, 502 (5th Cir. 2018).

We note first that the Louisiana Human Rights Act explicitly requires "intent" to establish employment discrimination, but not discrimination by places of public accommodation.  *Compare* La. Stat. Ann. §§ 51:2232(5), 51:2247, *with id.* §§ 51:2232(4), 23:332.  The Louisiana legislature clearly knows how to require intent for discrimination, but it apparently chose not to do so for places of public accommodation.

Further, the Louisiana Human Rights Act explicitly references federal antidiscrimination law in its statement of purpose.  *See id.* § 51:2331.  Both section 51:2247 and ADA Title III ban discrimination by places of public accommodation, and so it is reasonable to look to Title III for guidance.  *See* 42 U.S.C. § 12182; La. Stat. Ann. § 51:2247.  Title III does not require a plaintiff to show intent to establish a violation.  42 U.S.C. § 12182.

On our reading of the statute, the Louisiana Human Rights Act does not require a plaintiff alleging discrimination by a place of public accommodation to show intentional discrimination.  La. Stat. Ann. §§ 51:2232(5), 51:2247.  As a result, the district court properly held that Smith established a violation under the Louisiana Human Rights.

## D.

Finally, SMG asserts that even if it were liable to Smith under the Louisiana Human Rights Act, the damages award was excessive.  We disagree.

Smith sought to recover both nominal and compensatory damages for emotional distress suffered as a result of SMG's actions at the Guns N' Roses concert.  The district court determined that Smith did in fact suffer anxiety and distress as a result of SMG's actions and was entitled to money damages.

No. 19-30575

Upon its finding that Smith's daughter's testimony corroborated her claims, the district court awarded Smith $20,000 in compensatory damages for emotional distress. Because it awarded compensatory damages, the district court concluded that an award of nominal damages was not necessary.

We have previously held that an "award of compensatory damages [is] within the [district] court's discretion." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). The district court may rely solely on the plaintiff's testimony to establish mental anguish damages, and that testimony can be based on "testimony of anxiety [and] stress." *Id.* at 1046–47. Our review of the record reveals that the district court's monetary award was neither excessive nor an abuse of its discretion.

\*      \*      \*

The judgment of the district court is AFFIRMED as to the injunctive relief and damages award against SMG. The injunction against France is VACATED.